**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF ILLINOIS**  
Urbana Division

| | |
|---|---|
| **KELLY STERLING,** ) | |
|                **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 08-2152** |
| **K. HUCKSTADT, in his individual** ) | |
| **capacity; JOHN DOE, a Vermilion** ) | |
| **County Corrections Officer, in his** ) | |
| **individual capacity; and COUNTY OF** ) | |
| **VERMILION ILLINOIS,** ) | |
|                **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2008, Plaintiff Kelly Sterling filed a Complaint (#1) against Defendants K. Huckstadt, John Doe, a Vermilion County Corrections Officer, and County of Vermilion, alleging violations of federal and state law in connection with Plaintiff's arrest and incarceration in July 2007. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised constitutional claims.

In November 2008, Defendants Kyle Huckstadt and Vermilion County filed a Motion To Dismiss Counts II, III and V of Plaintiff's Complaint and Defendant Vermilion County's Motion To Dismiss (#14). Plaintiff filed a Response to Motion To Dismiss Counts II, III and V of Plaintiff's Complaint (#16). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Counts II, III and V of Plaintiff's Complaint and Defendant Vermilion County's Motion To Dismiss **(#14)** be **GRANTED** in part and **DENIED** in part.

### I. Background

The following background is taken from the complaint. Defendant Huckstadt was a sheriff's deputy in Vermilion County during relevant times and he was acting within the course and scope of his employment at all times. Defendant John Doe was a corrections officer in Vermilion County at relevant times and he was acting within the course and scope of his employment at all times. Plaintiff sued Huckstadt and Doe in their individual capacities.

On July 10, 2007, Defendant Huckstadt questioned Plaintiff at her home and her answers to his questions indicated that she had not committed any crime. Plaintiff then informed Defendant that she did not want to talk with him further and she called an attorney to inquire about her civil rights. While she was on the telephone, Defendant roughly grabbed her by the arm and handcuffed her with extremely tight handcuffs. He then arrested her without probable cause and without a warrant and transported her to the Vermilion County Jail where she was incarcerated for two days.

While Plaintiff was incarcerated, Defendant John Doe roughly grabbed the telephone out of Plaintiff's hands when she was making a call to raise bond. He stomped on Plaintiff's foot, injuring her toes.

On July 11, 2006 [(*sic*)], Plaintiff was charged with Criminal Trespass to Residence in Vermilion County (Case No. 07-CM-616). Plaintiff pled not guilty. On November 5, 2007, her case was dismissed on the State's motion.

Plaintiff's complaint alleges six counts, as follows: (1) Count I, against Defendant Huckstadt, alleges illegal seizure in violation of the Fourth Amendment of the United States Constitution; (2) Count II, against Huckstadt and Doe, alleges excessive force in violation of the Fourth Amendment; (3) Count III, against Huckstadt, alleges arrest in retaliation for her speech in violation of the First Amendment; (4) Count IV, against Huckstadt and Doe, alleges battery; (5) Count V, against Huckstadt, Doe, and Vermilion County, alleges negligence; and (6) Count VI, against Huckstadt, alleges "false imprisonment/locomotion."

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof"ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct.

1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). However, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

### III. Analysis

Defendants argue that the Court should dismiss certain claims for the following reasons: (1) Plaintiff failed to state a claim of excessive force in Count II; (2) Plaintiff failed to state a First Amendment claim in Count III; (3) as to Count V, Defendants Huckstadt and Vermilion County are immune from prosecution under Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Tort Immunity Act"); and (4) Plaintiff failed to state a claim against Vermilion County in Count V.

#### A. Count II: Excessive Force

Defendant Huckstadt argues that Plaintiff failed to state an excessive force claim in Count II because she alleged only that Huckstadt grabbed her by the arm and handcuffed her with extremely tight handcuffs. Defendant contends that such conduct constitutes a *de minimis* use of force and does not violate the Fourth Amendment. *See DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (in the context of excessive force under the Eighth Amendment, stating that "while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of physical force").

Plaintiff responds that she has adequately pled a claim based on notice pleading standards. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (stating that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?"). Plaintiff also points out that many of the cases Defendants cited addressed summary judgment cases and others addressed claims under the Eighth Amendment.

The Court agrees with Plaintiff. To defeat a Rule 12(b)(6) motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 551 U.S. 89, ----, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting FED. R. CIV. PRO. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quotations omitted).

Plaintiff has alleged that Defendant Huckstadt exhibited excessive force by, at a minimum, grabbing Plaintiff and handcuffing her. Defendant acknowledges that a grab or shove or tight handcuffing can in some instances be used to support an excessive force claim, but contends that Plaintiff has not alleged injury or that Huckstadt acted malicious or that Plaintiff complained to Huckstadt about the tightness of her handcuffs. Notice pleading does not require a Plaintiff to allege all the facts involved in a claim. Plaintiff has adequately stated a claim in Count II and the Court recommends denying the motion to dismiss this claim.

### B. Count III: First Amendment Violation

Defendant next argues that Plaintiff failed to state a First Amendment claim in Count III because she has not alleged that her speech addressed a matter of public concern. Specifically, Defendant contends that her allegation of "calling an attorney" shows that Plaintiff was not speaking out on a matter of public concern, a requirement for alleging a First Amendment claim.

Plaintiff responds in her memorandum that she has alleged that she was arrested only after she telephoned an attorney, whom she telephoned to inquire about her civil rights. Thus, Plaintiff contends that she has alleged a claim that Defendant violated her First Amendment rights by denying her access to the courts, similar to the situation in *DeWalt*, where the prisoner was retaliated against only after filing a grievance. (#16, p. 10.) Although a plaintiff cannot amend her complaint by statements and arguments made in her memorandum (*Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)), the Court may use information from the memorandum to clarify allegations in her complaint whose meaning is unclear. *See Pegram v. Herdrich*, 530 U.S. 211, 230 (2000). Therefore, the Court will consider Defendants' argument that Count III failed to state a claim in the context of a claim for access to the courts.

> The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process.

*Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The Supreme Court has described two categories of cases on denial of access to the courts: The first category includes claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time (for example, prison litigation cases seeking law library access, a reader for an illiterate prisoner, or a waiver of fees). *Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002).

> In cases of this sort, the essence of the access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed.

*Id.* at 413. The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future; for example, the official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief. *Id.* at 413-14.

> These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable. The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future.

*Id*. at 414 (footnotes omitted).

There is no heightened pleading requirement for a claim of denial of access to the courts. *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006). Nevertheless, to state an access claim, a plaintiff must identify the underlying claim or cause of action and allege how the alleged misconduct actually prejudiced that claim. *Id.* "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416; *Pratt*, 464 F.3d at 732 (discussing the need to plead prejudice in an access-to-courts claim for purposes of giving notice of injury suffered and stating that "[t]o survive a motion to dismiss, the complaint would have to go on and allege that as a result of the [defendant's] action the plaintiff had lost a case or suffered some other legal setback").

Here, Plaintiff alleged as follows:

> Defendant K. Huckstadt arrested Plaintiff, without probable cause and without a judicial warrant, solely in retaliation for protected speech and her actions of calling an attorney, in violation of the United States Constitution, First Amendment and the Illinois Constitution Art. I, §4, thereby proximately causing, in whole or in part, mental and emotional distress, injury and monetary damages.

(#1, ¶ 18.) Plaintiff has identified no underlying claim and no actual prejudice to such a claim nor does any inference of prejudice arise from the allegations. In fact, based on the complaint, Plaintiff had no case at the time of Huckstadt's conduct that was subject to prejudice as a result of Huckstadt's preventing her from calling her lawyer; instead, her claim apparently arose as a result of that alleged conduct. Because Plaintiff has failed to state a claim that Defendant denied her access to the courts in violation of her First Amendment rights, the Court recommends granting the motion to dismiss Count III with leave to amend.

### C. Count V: Negligence

As to Count V, Defendants argue that they are immune from prosecution under Section 2-202 of the Tort Immunity Act which provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Specifically, Defendants contend that they are immune from prosecution for this conduct because Defendant Huckstadt was acting in the execution and enforcement of law. Defendants also argue that Plaintiff failed to state a claim against Vermilion County in Count V because she did not allege a custom, policy, or practice as required under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff responds that she need not allege custom, policy, or practice because she has alleged a state law claim, not a constitutional claim against Vermilion County. The Court agrees; the pleading requirement in *Monell* applies to constitutional claims brought pursuant to 42 U.S.C. § 1983 against municipal entities.

Regarding Defendants' immunity argument, Plaintiff responds that the Tort Immunity Act does not apply because Defendants were not executing or enforcing the law when Plaintiff was illegally seized, arrested in retaliation for talking to a lawyer, and charged with a crime that was later dismissed. Plaintiff has provided no authority to support this argument.

Defendants correctly note in their memorandum that Count V does not describe or specify the nature of Defendants' allegedly negligent conduct. Plaintiff's memorandum clarified that the negligent conduct at issue includes that she was "illegally seized, arrested only in retaliation for talking to a lawyer about her rights in the situation and was charged with a crime that was later nolle pross'ed." (#16, p. 10.)

Although Defendants have not had an opportunity to address these particular acts, the Court will attempt to apply Defendants' arguments to this information. As an initial matter, it is

well-settled that the police do not have authority to charge someone with a crime or dismiss a charge; thus, Plaintiff's negligence claim cannot be based on the charge or subsequent dismissal.

Furthermore, based on the explanation in her memorandum, Plaintiff is not alleging that Defendant Huckstadt acted negligently *in the course of* seizing and arresting her, instead, she is alleging that the acts of seizure and arrest were negligent. Acts of seizure and arrest fall within the category of executing or enforcing the law. *Jones v. Vill. of Villa Park,* 784 F. Supp. 533, 535 (N.D. Ill. 1992) ("Effecting an arrest is the execution or enforcement of a law.") (citing *Glover v. City of Chi.,* 436 N.E.2d 623, 629 (Ill. App. Ct. 1982)); *Johnson v. City of Harvey*, No. 95 C 7687, 1998 WL 381702, *13 (N.D. Ill. 1998) (unreported) ("engaging in an illegal search or seizure is the execution or enforcement of a law because it is 'a course of conduct'").

Because the seizure and arrest constituted acts in the execution or enforcement of the law, and because Plaintiff alleged that these acts constituted negligence, the Court agrees with Defendants that the Tort Immunity Act protects Defendants from liability as to Count V. Specifically, Section 2-202 immunizes Defendant Huckstadt. Because Huckstadt is not liable, Vermilion County is not liable. *See* 745 ILCS 10/2-109, which provides that a public entity is not liable for any injury resulting from an employee's action where the employee is not liable. Accordingly, the Court recommends granting the motion to dismiss Count V as to Defendants Huckstadt and Vermilion County.

Alternatively, Plaintiff contends that if the Court agrees that Defendants were executing or enforcing the law, the Court should not dismiss the claim because Defendants could still be held liable for constitutionally reckless, that is, willful and wanton, conduct. *See El-Uri v. City of Chi.*, 186 F. Supp. 2d 844, 850 (N.D. Ill. 2002) (in the context of summary judgment, stating "[n]egligence by law enforcement officials is actionable under the 'willful and wanton' statutory exception to the Illinois Tort Immunity Act."). Plaintiff asks the Court to infer that Count V alleges a claim based on willful and wanton conduct.

A claim for "willful and wanton conduct" is distinct from a claim for negligence and the Court must evaluate each claim independently. *Gordon v. Devine*, No. 8 C 377, slip op. at 9 (N.D. Ill. October 14, 2008). *See, e.g., Allen v. City of Zion*, No. 01 C 9216, 2003 WL 22078374, *3-4 (N.D. Ill. Sept. 3, 2003) (unreported) (finding that negligence and willful and wanton conduct are two separate counts, and dismissing negligence count due to police officers' immunity under Tort Immunity Act); *Doe v. Calumet City,* 641 N.E.2d 498, 505 (Ill. 1994) ("a plaintiff can state a cause of action for simple negligence by showing a special duty exists, or can allege willful and wanton conduct alone") (*overruled on other grounds by In re Chi. Flood Litig.*, 680 N.E.2d 265, 273 (Ill. 1997)). Because this suit is still in its early stages, there is no reason to read anything into the complaint. Instead, the Court recommends that Plaintiff be allowed to amend her complaint if she wishes to allege a claim based on willful and wanton conduct.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendants' Motion To Dismiss Counts II, III, and V of Plaintiff's Complaint and Defendant Vermilion County's Motion To Dismiss **(#14)** be **GRANTED** as to Count III, **GRANTED** as to Defendants Huckstadt and Vermilion County in Count V, and **DENIED** as to Count II. The Court also recommends that Plaintiff be allowed to file an amended complaint if she wishes to allege a claim of willful and wanton conduct or to amend her First Amendment claim.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 25th day of February, 2009.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE